Dear Gentlemen:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. You requested an opinion of this office on behalf of the Claiborne Parish School Board ("Board"). Your opinion request concerned the requirements of La.R.S. 17:56 relating to a change in compensation for Board members. You stated in your opinion request that the Board, as it was constituted prior to January 1, 2007 ("Old Board"), reduced the salary to be paid to Board members. The Old Board did not comply with the advertising requirements of La.R.S. 17:56
when it voted to reduce the salary of Board members on April 10, 2006. The motion at the April 10, 2006 meeting stated that the salary of Board members would be reduced "beginning when it is legal." The reduction became legal on January 1, 2007 and the Board members' salaries were reduced from $400.00 per month to $200.00 per month.
In your opinion request, you asked this office "[i]f the salary of the board members was not legally changed due to the failure of the Old Board to advertise and its failure to hold the required hearing, may the business department simply pay the board members per the last salary legally fixed?" It is the opinion of this office that the Board may return the salary of its members to the former amount and the Board members may be paid retroactively. *Page 2 
La.R.S. 17:56(A) states in pertinent part: "[p]rior to a meeting of the members of any school board at which the members vote on the method and amount of compensation or mileage to be paid such members, or to make any change therein, the school board shall advertise the time and place where the meeting is to be held in the official journal of the parish of the school board on at least two separate days during the fifteen days immediately preceding such meeting." Thus, pursuant to the requirements of La.R.S. 17:56(A), it is the opinion of this office that a school must advertise the time and place of the Board meeting if it wishes to change the amount of compensation to be paid to Board members. See La. Atty. Gen. Op. Nos. 95-334 and 89-537.
Here, the Old Board did not follow the requirements of La.R.S. 17:56; thus, the action of the Old Board was not valid.[1] See La. Atty. Gen. Op. No. 95-334 in which this office opined that the Bogalusa School Board could restore the salaries of their board members to the previous level only after advertising the time and place where the meeting was to be held. Based on a review of jurisprudence and prior opinions of this office, it appears that the action of the Old Board taken on April 10, 2006 was not valid; thus, the current Board is entitled to a salary of $400.00 per month.
As stated above, the actions of the Old Board on April 10, 2006 were not valid; thus, the business department may pay the Board members per the last salary legally fixed. However, the Board may wish to take official action at the next Board meeting to inform the public that the salary of the Board members will be reinstated to the pre-January 1, 2007 amount.
Additionally in your opinion request, you asked whether the Board members may be paid retroactively from January 1, 2007 to the present. Article VII, Section 14(A) of the Louisiana Constitution of 1974 provides as follows concerning the donation, loan, or pledge of public credit: "[e]xcept as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private." As discussed below, generally public employees may not be paid retroactively because such payment would result in an unconstitutional donation. However, under the present circumstances, retroactive pay should be allowed and would not result in an unconstitutional donation because the actions of the Old Board were void.
Relying on City of Port Allen v. Louisiana Municipal Risk ManagementAgency, Inc., et al., 439 So.2d 399 (La. 1983), prior opinions of this office have determined that Article VII, Section 14 is violated when the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. Based on City of PortAllen, this office has consistently concluded that the payment of a bonus or any other *Page 3 
gratuitous, unearned payment to public employees is prohibited, as it would be tantamount to a donation. See La. Atty. Gen. Op. Nos. 79-1352, 80-806, 81-1044 and 91-383 where we have concluded that a retroactive pay increase for services previously rendered is a violation of Article VII, Section 14. However, this office has interpreted Article VII, Section 14 as not prohibiting the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment.[2] Additionally, in La. Atty. Gen. Op. Nos. 92-866, 95-440, and 00-67 this office opined that if an obligation existed on the date on which the payment is made effective, there is no violation of Article VII, Section 14.
In accordance with the above cited opinions and jurisprudence, the test for determining the constitutionality of a particular payment to a public officer or employee is whether the payment is made out of a motive of beneficence solely to enrich the office or employee, or whether the payment is deserved and made as recompense for valuable services rendered, for which the office or the employee was not adequately paid. La. Atty. Gen. Op. No. 95-323. Another relevant factor considered in prior opinions is whether a legal obligation exists on the date on which the payment is made effective.
Recently, in Board of Directors of the Industrial Board of the City ofGonzales v. All Taxpayers, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11
(Cabela), the Louisiana Supreme Court established a different standard to determine compliance with La.Const. art. VII, Sec. 14. At issue in this case was a municipality's issuance of bonds to provide public funding for the development of a private retail center. The Louisiana Supreme Court determined that, based on a finding that both the municipality and the private entity expected to receive something of value, the public assistance extended to the private retailer was not a donation of public funds. Thus, it was not in violation of the Louisiana Constitution.Cabela repudiated the interpretation of Article VII, Section 14 in Cityof Port Allen and declared instead that Article VII, Section 14 is violated when public funds or property are gratuitously alienated. Id.
at. 23.
It is our opinion that the Board may be retroactively paid from January 1, 2007 until the present. Such payment meets the former standard because the Board members should have been receiving $400.00 per month for the entire period. Here, the actions of the Old Board were not valid; thus, from January 1, 2007 until the present, the Board has been obligated to pay the higher amount to its members. Additionally, Cabela is arguably inapplicable under the circumstances described in your request. It is the opinion of this office that an analysis of Cabela is not necessary because the Board members are owed this additional compensation since the action taken in 2006 was invalid. Furthermore, if the Cabela standard were applied, the Board members would *Page 4 
still be entitled to the payment. In Cabela, the Court stated that gratuitous donations are those made without condition and a contract is gratuitous when one party obligates himself towards another for the benefit of the latter, without obtaining any advantage in return. The payment to the Board members would not result in a gratuitous donation of public funds because the Board is obligated to pay its members this additional amount of compensation. It is the opinion of this office that the salaries of the current members should be reinstated to the old amount and the members may be retroactively paid for the period between January 1, 2007 and the present. It is important to note that this opinion only relates to the actions of the Board taken pursuant to the requirements of La.R.S. 17:56. This opinion does not speak to the validity of any other actions taken at the April 10, 2006 meeting.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ Cherie A. Lato Assistant Attorney General
[1] Also see Coleman v. Caddo Parish School Board, 25-617 (La.App. 2 Cir. 3/31/94), 635 So.2d 1238 in which the court stated that when a school board acts within the limits of its authority, the courts owe a great deference to the board's decision. However, this deferential standard does not apply when the board's action is challenged as a violation of a statute.
[2] In the context of salary increases, the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment is distinguishable from "extra compensation for past services rendered" in that the compensation is not "extra." The compensation due or earned compensation of an employee is that which an employer is required to pay pursuant to an obligation to the employee.